IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **WALTER I. GUERRA-GUAJARDO,** § | | |
| *Plaintiff,* § | | |
| § | **CIVIL ACTION NO.** | |
| § | | |
| **VS.** § | **(JURY REQUESTED)** | |
| § | | |
| **TROPICAL TEXAS BEHAVIORAL** § | | |
| **HEALTH,** § | | |
| *Defendant* § | | |

**PLAINTIFF WALTER I. GUERRA-GUAJARDO'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, WALTER I. GUERRA-GUAJARDO** (hereinafter referred to as Plaintiff) complaining of **TROPICAL TEXAS BEHAVIORAL HEALTH** (hereinafter referred to as the "Defendant", "Defendant employer" or "Defendant Tropical Texas") and for such causes of action would respectfully show unto the Court and the Jury as follows:

**I.**
**Parties**

1. Plaintiff, **WALTER I. GUERRA-GUAJARDO**, is an individual residing in Edinburg, Hidalgo County, Texas.

2. Defendant **TROPICAL TEXAS BEHAVIORAL HEALTH** is a mental health in the State of Texas and may be served as follows:

> Terry Crocker, MBA, MA
> Chief Executive Officer
> Tropical Texas Behavioral Health
> 1901 South 24th Avenue
> Edinburg, Texas  78540

## II.

## Venue and Jurisdiction

3.     This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

## III.

## Administrative Procedures

4.     Within 300 days of the occurrence of the acts complained of, Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission alleging that the Defendant had committed unlawful employment practices against the Plaintiff. The formal charge and the "Dismissal and Notice of the "Right to File Civil Action Letter" were filed and received as follows:

| | |
|---|---|
| Formal Complaint Filed With TWCCRD: | April 19, 2017 |
| Transferred to EEOC: | May 22, 2017 |
| Notice of Right to File A Civil Action Letter Received: | December 18, 2017 |

5.     On December 18, 2017, Plaintiff received from the United States Equal Employment Opportunity Commission, Plaintiff's Dismissal and Notice of Rights letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt.  Plaintiff's statutory claims have been filed within ninety days of its receipt. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law.  All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## IV.
## Factual Background

6. On or about January 19, 2015, Plaintiff Walter I. Guerra-Guajardo was initially hired as a QMHP-CS-MCOT (Qualified Mental Health Professional -Community Service - Mobile Crisis Outreach Team Member) by Tropical Texas Behavioral Health in Edinburg, Texas.

7. At the time of his discriminatory and/or retaliatory discharge, Plaintiff was earning between $42,000.00 to $47,000.00 annually plus fringe benefits.

8. During his employment, Plaintiff performed all of his duties with dedication, hard work and undivided loyalty.

9. During the last six months of his employment with Tropical Texas, Plaintiff had been subjected to discriminatory animus, disparate treatment and/or a hostile work environment on account of his gender (male) and/or on account of my sexual orientation. Although Plaintiff's a male, he exhibited characteristics which are considered to be effeminate.

10. In October or November 2015, Plaintiff reported to his supervisor, Jaime Ybarra that Plaintiff had been a victim of sexual harassment.

11. Plaintiff showed Supervisor Ybarra harassing text messages Plaintiff had received from Jesus "Jessie" Cepeda in which Cepeda would refer to Plaintiff as a female by the name of Phelicia based on Plaintiff's sex. See *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 78 (1998).

12. As a result of this harassing behavior, a primary care nurse in the clinic also began to refer to Plaintiff Walter I. Guerra-Guajardo as Phelicia based on his sex.

13. In January 2016, Plaintiff alerted the clinic manager, Monika Rosales Flores that Officer Jessie Cepeda was sending harassing texts and referring to Plaintiff as Phelicia based on his sex.

14.     Around June of 2016, Plaintiff reported to Hilda Garcia, the clinic director that both the nurse at the primary clinic and Officer Jessie Cepeda were constantly referring to Plaintiff as Phelicia.

15.     As a result of nothing being done, Plaintiff escalated his reports of the instances of constant harassment to the Human Resource Director, Odilia Arredondo in September of 2016. The instances of harassment continued even after reporting the discrimination through the proper chain of command.

16. Plaintiff presented the harassing text messages to Hilda Garcia and Odilia Arredondo. In retaliation for bringing forth a complaint based sex discrimination, Plaintiff was placed on a formal write up on September 21, 2016. See *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 82 (1998).

17.     On November 30, 2016, Plaintiff was terminated by the Human Resource Director Odilia Arredondo on the alleged basis that Plaintiff was too slow and not satisfactorily completing the job. This reason is false, pretextual and retaliatory.

## V.
## Causes of Action – Wrongful Termination

**A.     Violations of Title VII of the Civil Rights Act of 1964 as amended.**

18.     Plaintiff re-alleges the allegations contained in Section IV, entitled *Factual Background*.

19.     Plaintiff alleges that he was discriminated against on the basis of his gender and his sexual orientation within the meaning of Title VII.

20.     On November 30, 2016, Plaintiff was terminated by the Human Resource Director Odilia Arredondo discriminatory or retaliatory reasons on the basis of his sex and/or

sexual orientation and due to the culmination of discriminatory conduct directed against him by the Defendant.

21. Further, Plaintiff alleges that the wrongful termination by the Defendant employer was a form of retaliation because of his complaints of discrimination and disparate treatment.

22. As a result of the discriminatory treatment, his ultimate termination and/or the acts described herein, Plaintiff has suffered damages as further alleged in this Complaint.

## VI.
## Actual Damages

25. As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

**A.  Lost Earnings and Special Damages**

26. At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful conduct and corresponding acts of the Defendant employer, Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful conduct and corresponding acts of the Defendant employer, the Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, and fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law due to the acts complained of above.

**B.  Past and Future Mental Anguish**

27. As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages. The Plaintiff has suffered

feelings of anxiety, worthlessness, embarrassment, and inferiority. The Plaintiff has further suffered ill-health effects including, but not limited to, agitation, restlessness, sleeplessness, depression and/or loss of self-esteem due to the discriminatory treatment and/or his illegal termination or wrongful discharge. In all reasonable probability, Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages for a long time into the future, if not for the balance of his natural life.

## VII.
## Attorney's Fees

28. By reason of the allegations of this Complaint and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the *lodestar* amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant employer will appeal this case. Plaintiff seeks attorney's fees to compensate the plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals, legal assistants and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## VIII.
## Exemplary Damages

29. The conduct of the Defendant as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant as a result of its egregious violations of the law.

## IX.
## Demand for Trial by Jury

30. Plaintiff, by and through his attorney of record make and file this demand for Trial by Jury in the above styled and numbered cause. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **WALTER I. GUERRA-GUAJARDO** prays that this Honorable Court grant the following:

(1) Judgment against the Defendant, **TROPICAL TEXAS BEHAVIORAL HEALTH** for the Plaintiff's actual damages;
(2) Punitive damages;
(3) Attorney's fees;
(4) Pre-judgment interest allowed by law;
(5) Interest on said judgment at the legal rate from the date of judgment;
(6) For costs of suit herein; and

(7) For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive and for which he shall forever pray.

Respectfully submitted,

**THE LAW OFFICES OF
CARLOS E. HERNANDEZ, JR., P.C.**
200 N. 12th Ave., Suite 210
Edinburg, Texas 78541-3503
Telephone: (956) 412-7055
Facsimile: (956) 412-7105
**carlos.hernandezjr@gmail.com**
**hernandezjrlawfirm@yahoo.com**

By: /s/ carlos e. hernandez, jr.
   Carlos E. Hernandez, Jr.
   State Bar No. 00787681
   Federal ID No. 17022

**ATTORNEYS FOR PLAINTIFF
WALTER I. GUERRA-GUAJARDO**